FLOYD M. SKINNER, Plaintiff

v.

KATHERINE B. AGUON, et al., Defendant

Civil No. 1599-75

Superior Court of Guam

February 18, 1976

RAKER, *Judge*

DECISION

In the instant case the plaintiff has sued the Government of Guam, certain persons holding official positions in the Government of Guam, the Civil Service Commission of the Government of Guam, and the Territorial Board of Education, Government of Guam. The actions which are complained of arose from defendants' performance of their administrative responsibilities. There can be no dispute but that these actions were of a discretionary if not of a quasi-judicial nature.

█ With respect to personal liability for these actions, although there is authority to the contrary, we adhere to the principle that government employees cannot be held liable for official actions of a discretionary nature even if performed in a malicious or fraudulent manner. See *Hardy v. Vial*, 311 P.2d 494, 496 (Cal. 1957) ; *Lipman v. Brisbane Elementary School District*, 359 P.2d 465, 467 (Cal. 1961). *Contra, Prosser on Torts*, Fourth Ed., p. 989.

█ With respect to construing this action as one for damages for breach of contract against the Government of Guam, it is found also deficient inasmuch as it is in essence conceded that there has been no compliance with the Government Claims Act, Gov't Code Sections 6500.00, etc. This act makes it a prerequisite for initiating an action for damages for breach of contract against the government that the claim be first filed with the Attorney General. Plaintiff in his memorandum of law has advanced several reasons to establish that:

a. Compliance by plaintiff with the Government Claims Act was required, or

b. If required, compliance should be excused.

None of such reasons is persuasive or has substance.

For the above reasons, the motion to dismiss the complaint is hereby granted.

Submit order.